RECEIVED
IN ALEXANDRIA, LA
APR 21 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **KRYSTAL DAWN JEANE** | **CIVIL ACTION NO. 05-1983** |
| **VS.** | **SECTION P** |
| **WARDEN, AVOYELLES WOMENS CORRECTIONAL CENTER** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on or about November 9, 2005 by *pro se* petitioner Krystal Dawn Jeane. Petitioner alleges that she is being detained without bond at the Avoyelles Women's Correctional Center, Cottonport, Louisiana on a "hold" or detainer issued by the District Attorney of Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED** because petitioner has not exhausted all available state court remedies.

### STATEMENT OF THE CASE

In her amended petition filed on December 19, 2005, petitioner claimed that she had been incarcerated for five months because the Natchitoches Parish District Attorney has placed a

detainer on her. According to petitioner, she has not been indicted or arraigned and she cannot post bond. On some unspecified date she filed a petition for writ of *habeas corpus* in the district court in Natchitoches Parish, but she has received no response.

## **LAW AND ANALYSIS**

Petitioner is a pre-trial detainee who is challenging her present detention. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and Robinson v. Wade, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose, 455 U.S. 509; Minor, 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state

courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." <u>Dickerson</u>, 816 F.2d at 225; <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); <u>Shute v. Texas</u>, 117 F.3d 233 (5th Cir. 1997). This jurisprudential requirement is now statutorily mandated. See 28 U.S.C. §2254(b)(1)(A).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of her *habeas corpus* claims before a federal court will review those claims. <u>Anderson v. Harless</u>, 459 U.S. 4, 103 S.Ct. 277 (1982); <u>Picard</u>, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting her claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. <u>Dickerson</u>, 816 F.2d at 224-225; <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a

trial on the merits in the state court or other state court proceedings. Dickerson, 816 F.2d at 225, citing Braden, 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493, 93 S.Ct. at 1129; Dickerson, 816 F.2d at 225-226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring her promptly to trial. Dickerson, 816 F.2d at 225. In Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's claims and prayer for relief suggest that she seeks enforcement of the state's obligation to bring her promptly to trial. Therefore, exhaustion of state remedies must occur before this court may intervene.

The undersigned notes that Louisiana provides a remedy to

pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq.* Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Before she may seek federal *habeas* relief, petitioner must first avail herself of these or any other available remedies provided by the state. The undersigned notes that petitioner claims to have sought state *habeas* relief by filing a petition for writ of *habeas corpus* in the state district court. According to the petitioner, that court ignored her filing. Nevertheless, in order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review her *habeas corpus* claims before a federal court will review those claims. Petitioner has not invoked the supervisory jurisdiction of a Louisiana Court of Appeals. Furthermore, a review of the published jurisprudence reveals that petitioner has not had her present claims reviewed by the Louisiana Supreme Court. In short, her *habeas corpus* claims remain unexhausted.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Alexandria, Louisiana this ___ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE